No. 9621.

MIDDLETON v. THE McCARTHY HIDDEN TREASURE MINING CORPORATION, ET AL.

Decided November 8, 1920.

Action in replevin.   Judgment for defendants.

Affirmed.

1. SALES—Rescission.  Where a seller, who claims fraudulent representations on the part of the buyer, fails to disaffirm the sale when he discovers the alleged fraud, and the rights of innocent third parties intervene, he cannot recover possession of the property by replevin.

Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.

Mr. L. J. STARK, Mr. ANDREW H. WOOD, for plaintiff in error.

Messrs. ROGERS, ELLIS & JOHNSON, Mr. PERCY ROBINSON for defendants in error.

En banc.

MR. JUSTICE TELLER delivered the opinion of the court.

THE plaintiff in error, as assignee of The Giant Powder Company, brought suit in replevin against The McCarthy

Hidden Treasure Mining Corporation to recover a quantity of powder which he alleged was obtained from his assignor by false and fraudulent ,representations by The Hidden Treasure Mines Company. Defendant in error, McClean, intervened as trustee in bankruptcy of the said Hidden Treasure Mines Company. It was alleged that the Mc-Carthy Company obtained the powder with knowledge of the fraud.

It appears that plaintiff in error, as agent of The Giant Powder Company, in August, 1917, sold to The Hidden Treasure Mines Company the powder in question, which was delivered to said company about the middle of September following. Thereupon the said Mines Company gave a chattel mortgage upon said powder to one Whinnery to secure a note of $5,000, executed contemporaneously with the mortgage, which note evidenced an indebtedness of some hundred dollars to Whinnery, and was, in addition, to secure him for advances which he had agreed to make.

It appears from the undisputed testimony that shortly after the giving of said mortgage, the bond and lease, under which the said Mines Company was working mining property in Lake County, Colorado, was forfeited, and soon thereafter defendant in error, The McCarthy Hidden Treasure Mining Corporation was organized to work the same property. It secured from Whinnery an assignment of the note and chattel mortgage upon an agreement with him that it would pay him what the Mines Company owed him, and would carry out his agreement with said company to pay certain overdue labor bills contracted by that company. The McCarthy Company took possession of the powder, and paid the Whinnery debt and the labor bills, amounting in all to something over $6,000.

It appears from the undisputed testimony that when the plaintiff in error discovered what he now says was a fraudulent representation, he took no steps to disaffirm the sale, but on the other hand demanded payment from the manager of the Mines Company, and was assured by him that payment for the powder would be made in a short time. After

Whinnery had transferred the mortgage to one Thomas, who in turn transferred the mortgage and the powder to The McCarthy Company, plaintiff in error demanded payment of Thomas. In the meantime the vice president and general manager of the Mines Company executed a bill of sale of the powder to Thomas, who transferred the same to The McCarthy Company; that corporation claims ownership and possession of the powder under the chattel mortgage, and under this bill of sale. The district court found that there had been no rescission, the plaintiff in error having delayed too long in disaffirming the sale which was not attempted until the bringing of this suit on February 2nd, 1918. There was no evidence that Thomas or any of the persons interested in the McCarthy corporation had any knowledge of the alleged fraud prior to the purchase of the note and mortgage and the payment therefor. Under that state of facts, the trial court was fully justified in directing a verdict in favor of the defendant, the plaintiff having failed to prove a right to the powder. The judgment is accordingly affirmed.

MR. JUSTICE SCOTT and MR. JUSTICE BAILEY not participating.